Nott, j.
delivered the opinion of the Court.
All the questions m this case depend upon plain and well settled principles of law. As to the question of nonsuit, the rule of law, as repeatedly recognized by this Court, is, that every public officer is presumed lo have acted correctly in the discharge of his official duties, until the contrary is proved. ' And, therefore, it has been held, that where a sheriff has sold land under exeeution, he must he presumed to have given legal notice, and oh-served such other formalities as were necessary to give validity to his title. The same rule will apply m this ease. The Treasurer is a highly responsible public officer; and it is not to be presumed, that he would violate the confidence which has been reposed in him. Neither can it he expected of a person dealing with a public officer, that he should be aide to prove a compliance on the part of such officer with all the little details of the duties *150 of his office. These things must be taken for granted, until the contrary is proved by the person who would take advantage of 'the omission. The motion for a nonsuit therefore cannot succeed.
1 Faust, 65.
The first ground for a new trial is, that the bond ought-to be presumed to be paid. But by reference to the bond it will be seen, that from.the year 1787, to the year 1792, the interest, and sometimes a part of the principal has been paid each year; and that from the year 1792 to the year 1824, the interest has been regularly paid, and entered upon the bond by the several successive Treasurers during that period. To indulge the idea of a presumption of payment under these circumstances, would be too extravagant to be intitled to a moments consideration. It would be giving to the question more consequence than it deserves, to enter into any reasoning upon it.
The only question of importance in the case is that in relation to the statute of limitations: and even that does not appear to me to be a question of difficulty. In England a mortgage is a conveyance of land as a security for money borrowed, subject to defeasance upon the repayment of the money. Upon the neglect of the mortgagor to pay the money according to stipulation, the title becomes absolute at law in the mortgagee: and as long as the mortgagor continues in possession, he is considered as standing in the relation of a tenant to the mortgagee. According to the provisions of our act of 1791, the title of land does not-vest in the mortgagee, but the fee still remains in the mortgagor. The mortgagor, therefore, cannot be considered as a tenant, because both the title and possession of the land remain in him : but the land is regarded in the nature of a pledge, which he holds as trustee for the mortgagee, until it is redeemed by the payment of the money. But it is not material in which relation the mortgagee stands, whether in that of tenant, or in that of trustee. In either case he cannot have the benefit of the statute, as his possession is not advex-se to the mortgagee. And there is no principle better established,' than that a person purchasing from a trustee, with notice of the trust, takes the property subject to the trust. The mortgage in this case was recorded, and the defendant must be considered as a purchaser with notice. That question has been decided in the case of Thayer v. Cramer, 1 M'C. Ch. 394
*151 it has been supposed in the argument that that case turned altogether upon the provisions of the act of 1791; but the same principle applies to cases arising uuder the law, as it previously existed. In the case of Hughes v. Edwards, 9 Wheat. 409. Washington, Justice, says: “ A purchaser, with notice, can be in no better situation than the. person from whom he derives his title, and is bound by the same equity which would affect his rights. The mortgagee, after forfeiture, has no title at law, and none in equity but upon the terms of paying the debt and interest. His conveyance to a purchaser with notice, passes nothing but an equity of redemption, and the latter can, no more than the mortgagor, assert that equity against the mortgagee, without paying the debt, or shewing that it has been paid or released, or that there are circumstances in the case sufficient to warrant the presumption of those facts, or of one of them.” Now if that is a correct view of the law, of which I entertain no doubt, it is decisive of this case.
It is contended, that as the defendant had recorded his deed, it was notice to the mortgagor, that he had purchased, and was holding adversely. But notice that he had purchased, did not authorize the inference that he held adversely; on the contrary, having purchased with notice, he must be considered as consenting to hold upon the same terms as the original mortgagor ; that is, subject to the incumbrance. The motion must therefore be refused.